**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

BOBBY J. OLDHAM,

*Plaintiff-Appellant,*

v.

THEODIS BECK; BOYD BENNETT; MICHAEL W. YORK; JOSEPH G. PICKELSIMER; NORTH CAROLINA DEPARTMENT OF CORRECTIONS,

*Defendants-Appellees.*

No. 03-6745

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, District Judge.
(CA-02-379-1)

Submitted: August 6, 2003

Decided: August 29, 2003

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

---

### COUNSEL

Bobby J. Oldham, Appellant Pro Se. John Payne Scherer, II, Assistant Attorney General, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

### I.

Bobby J. Oldham ("Oldham") appeals from the dismissal of his 42 U.S.C. § 1983 (2000) claim that his Eighth Amendment rights were violated by exposure to second-hand, "environmental tobacco smoke" ("ETS"). For the following reasons, we affirm in part and vacate and remand in part.

### II.

In April 2002, Oldham filed a § 1983 complaint against the North Carolina Department of Corrections and four supervisory-level prison officials: (1) Theodis Beck, the North Carolina Secretary of Correction; (2) Boyd Bennett, the Director of North Carolina Prisons; (3) Michael York, the Superintendent of Albermarle Prison; and (4) Joseph Pickelsimer, the Superintendent of Piedmont Prison.[1] He sought a declaratory judgment, equitable relief in the form of an order directing the officials to comply with prison internal smoking policies, compensatory damages, and punitive damages.[2]

---

[1] In his informal appellate brief, plaintiff has apparently abandoned any claim against defendant Pickelsimer. His brief only addresses § 1983 claims against Beck, Bennett and York. Additionally, in the space on the informal brief form where plaintiff is prompted to list the names and addresses of all defendants, he omits Pickelsimer completely.

[2] In his informal appellate brief, plaintiff states that he is now housed in a facility that is satisfactory to him with regard to ETS exposure. Thus, his prayer for equitable relief appears to be moot, leaving for consideration on appeal only his claim for money damages against the individual defendants.

In his complaint, Oldham alleged the following facts. In 1993, he was committed to the North Carolina Department of Corrections. He had never smoked and entered the prison system at age sixty without any health problems. He was initially housed in a double bunked dormitory where smoking was permitted twenty-four hours per day. Shortly thereafter, he started to experience shortness of breath and "other health related problems that is related from second hand smoke and there [sic] chemicals." He filed multiple grievances via the internal prison grievance procedure in which he alleged he was being physically harmed by ETS exposure. He now suffers from type II diabetes, vertigo, migraine headaches, coronary artery disease, chest discomfort, severe dizziness, hypertension, urinary incontinence, high blood pressure, nausea and vomiting. He is on many prescription medications. He claimed that his health continued to "deteriorate" at a faster rate due to "high levels" of exposure to ETS. Oldham stated that he "suffered significant injuries as a result of this involuntary exposure to E.T.S. and other toxic chemicals."

Oldham's complaint further alleged that defendants have shown "deliberate indifference" to his internal complaints about this ETS exposure. He avers that all of his "numerous" complaints and grievances were "ignored" by the defendants. In support of his complaint, Oldham submitted his internal grievances, letters of correspondence with prison officials, and his prison medical documents.

The case was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended dismissing the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court judge, exercising de novo review, adopted the report and recommendation of the magistrate in full and dismissed the complaint in its entirety by order entered April 25, 2003. Plaintiff timely noted an appeal.

### III.

Dismissal under Rule 12(b)(6) is properly granted where, assuming the facts in the complaint are true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)

(explaining that claim is not subject to dismissal unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Moreover, under Rule 8(a)(2) of the Federal Rules of Civil Procedure, plaintiff need not lay out every fact of his law suit. It is sufficient if plaintiff presents a "short and plain statement of the claim." In construing the complaint of a pro se prisoner, it is well-settled that the district court must read the document liberally and in the light most favorable to the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court reviews a Rule 12(b)(6) dismissal de novo. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003).

To establish an Eighth Amendment conditions-of-confinement claim, the prisoner must satisfy both an objective and subjective element. *See Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). First, to satisfy the objective element, the prisoner is required to demonstrate an extreme deprivation: "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Id.* (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)) (citations omitted). Second, to establish the subjective element, the prisoner must show "deliberate indifference" by the prison officials. *Id.* The prisoner must show "that a prison official actually [knew] of and disregard[ed] an objectively serious condition, medical need, or risk of harm." *Id.*

Exposure to ETS may state an Eighth Amendment-based § 1983 claim, even if medical problems are not yet evident. *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993). In order to establish the objective component of an Eighth Amendment claim arising from exposure to ETS, a prisoner "must show that he himself is being exposed to unreasonably high levels of ETS." *Id.* at 35. This inquiry requires "a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS." *Id.* at 36. Furthermore, it requires an assessment of "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.*

Applying the above analytical framework to the instant case reveals that Oldham's complaint was prematurely dismissed by the district court. The pro se complaint and its supporting documents, which this court must read liberally and in the light most favorable to Oldham, are sufficient to make out a civil rights claim under Rule 8 and *Helling*. Oldham averred in a "short and plain statement" that the defendants were aware that he was complaining about excessively high exposure to ETS. He also averred that such exposure caused him various serious health problems and also caused existing health problems to worsen at an accelerated rate. He further alleged in the complaint that defendants ignored his "numerous" grievances or responded to them in a deliberately indifferent manner. Oldham also alleged that the defendants did not adequately enforce the prison's internal smoking policy. In light of existing law on ETS, Oldham's complaint sufficiently complied with the notice pleading requirements of the Federal Rules of Civil Procedure.

## IV.

For the foregoing reasons, we vacate the district court's order dismissing the individual claims against Beck, Bennett and York and remand for further proceedings consistent with this opinion.[3] We affirm the dismissal of any claim against Pickelsimer. Furthermore, we affirm the dismissal of any claim for equitable relief since that claim is now moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED*
*AND REMANDED IN PART*

---

[3]We express no view regarding the merits of Oldham's complaint or the scope of proceedings that may be appropriate on remand.